OPINION
On February 16, 2000, appellant, Jay Clark, was cited for gross overload/overweight vehicle in violation of R.C. 5577.04. A trial date was set for March 13, 2000. On the day of trial, appellee, the State of Ohio, made an oral motion to continue the trial date. The trial court ordered appellee to file a written motion. Such was filed on March 14, 2000. By entry filed March 16, 2000, the trial court granted the motion and continued the trial to April 3, 2000. On March 14, 2000, appellant filed a motion to dismiss and then on March 21, 2000, filed a request for review. By judgment entry filed April 4, 2000, the trial court denied both motions. A bench trial commenced on April 3, 2000. The trial court found appellant guilty and sentenced him to thirty days in jail, twenty-eight days suspended, and imposed a $698 fine. Appellant filed an appeal and this matter is now before this court for consideration. Appellant has not complied with App.R. 16 in setting forth assignments of error or the facts of this case. We will accept as presented in appellee's appellate brief the following assignments of error:
 I THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE A CONTINUANCE OF THE MARCH 13 TRIAL DATE BASED UPON THE NON-APPEARANCE OF SUBPOENAED WITNESSES.
 II APPELLANT'S RIGHT TO A SPEEDY TRIAL WAS VIOLATED BECAUSE THE SPEEDY TRIAL TIME HAD RUN.
 I
Appellant claims the trial court abused its discretion in granting a continuance of the scheduled trial. We disagree. The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Appellee requested a continuance on the day of trial because subpoenas issued to the officers involved had not been received. See, Motion for Continuance filed March 14, 2000. By entry filed March 16, 2000, the trial court granted the continuance finding that the state's "request for continuance is reasonable pursuant to Section 2945.72(H) of the Ohio Revised Code." Although we understand appellant's frustration with a continuance granted in the eleventh hour, we cannot say it was an abuse of discretion given the proffered reason nor can we say any prejudice enured to appellant as explained in the following assignment of error. Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying his motion to dismiss for failing to timely prosecute the case. We disagree. Appellant was charged with a violation of R.C. 5577.04(A) which states as follows: The maximum wheel load of any one wheel of any vehicle, trackless trolley, load, object, or structure operated or moved upon improved public highways, streets, bridges, or culverts shall not exceed six hundred fifty pounds per inch width of pneumatic tire, measured as prescribed by section 5577.03 of the Revised Code.
The possible imprisonment set by statute (R.C. 5577.99) was less than sixty days. Pursuant to R.C. 2945.71(B)(1), appellee had forty-five days in which to prosecute the citation: (B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
(1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;
Appellant was cited on February 16, 2000 and was tried on April 3, 2000. Pursuant to Crim.R. 45(A), the day of the citation is not counted, and if the last day is a Saturday or Sunday, the next day is the final day: In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.
Based upon our review, we find the trial was held on the forty-fifth day. The trial court did not err in denying appellant's motion to dismiss. Assignment of Error II is denied. The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Wise, J. concur.